UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REX GUNTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20 CV 1086 RWS |
| | ) | |
| ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant, | ) | |

## <u>MEMORANDUM AND ORDER OF DISMISSAL</u>

On August 17, 2020, Plaintiff Rex Gunther filed this complaint asserting that his rights under the Sixth Amendment to the United States Constitution were violated by Defendant St. Louis County Police Department ("SLCPD"). Specifically, Gunther alleges that he was employed by SLCPD as a police officer in 1968.  He alleges his employment was terminated that year without a hearing. SLCPD filed a motion to dismiss Gunther's complaint on several grounds including the expiration of the statute of limitations for Gunther's claims.  Because SLCPD is not a suable entity, Gunther's complaint fails to state a claim, and the statute of limitations on Gunther's claims expired more than forty years ago I will grant SLCPD's motion to dismiss.

*Background*

In his complaint, Rex Gunther, formerly known as Peter Kroner, alleges that he was employed by SLCPD as a police officer in 1968.  He also worked as a part-time officer at the St. Louis County Public Library in Frontenac, Missouri.  On some unspecified date in 1968, Gunther alleges that he was in his police uniform on his way to work at the library.  While driving his personal car down Manchester Road toward Lindbergh Boulevard he observed a car in front of him driving erratically by a young woman with another young woman in the passenger seat.  At the intersection of Manchester and Lindbergh, apparently while both cars were stopped at a traffic light in the left turn lane, Gunther exited his car, tapped on the driver's window of the subject car, and directed the driver to pull the car over on the shoulder of Lindbergh.  The driver complied and Gunther exited his vehicle and spoke to the driver.  He alleges that he gave the driver a verbal warning regarding her "hazardous" operation of her vehicle.  He then returned to his vehicle and proceeded to his job at the library.

After completing his part-time shift at the library Gunther drove to SLCPD's South District Station for his full-time shift as a police officer.  At the pre-shift line-up of police officers a Sergeant Land came into the room accompanied by an officer of the Complaint Inspectors Office and the two young women Gunther had stopped earlier in the day.  The women identified Gunther as the officer who pulled

2

them over.  Gunther alleges that he was immediately transferred from field traffic operations to communications operations answering incoming calls.  The two women had accused Gunther of "sexual charges."  Within a few weeks his employment with SLCPD was terminated without a hearing.

At an unspecified later date, Gunther learned from former officers that the young woman driver's father was the owner of the towing company that performed all the towing services for SLCPD.  Gunther alleges that politics along with false allegations of sexual misconduct led to his dismissal.

Gunther asserts that SLCPD violated his Sixth Amendment right to have a hearing and to be able to present evidence to clear his good work record and good character.  He also asserts a claim under the Universal Declaration of Human Rights Treaty adopted by the United Nations General Assembly in 1948.

In his prayer for relief Gunther seeks, upon his release form the Missouri Department of Mental Health and release of all charges in the Circuit Court of Franklin County, Missouri, to be reinstated to the SLCPD with the rank of Major, back pay from 1968 to the time of reinstatement, plus interest, punitive damages in the amount of $3,000,000, and a notarized statement from the chief of the SLCPD stating that Gunther's employment was terminated based on the sexual lies and the political connections of the two young women.

Defendant SLCPD has moved to dismiss this case based on the inability of the SLCPD to be sued, Gunther's failure to state a claim, the expiration of the statute of limitations, and SLCPD's immunity from suit.

### *Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.  A pleading that merely asserts conclusory statements and "naked assertions" that are not factually supported is insufficient to state a claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### *Discussion*

#### *SLCPD not a suable entity*

The sole defendant in Gunther's complaint is the SLCPD.  However, the SLCPD is a department of St. Louis County and is not a juridical suable entity. Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992)

(departments and subdivisions of City governments not suable entities).  Because it is not a suable entity the claims against the SLCPD must be dismissed.

*Failure to state a claim*

Gunther asserts that the failure of STCPD to provide him with a hearing before his termination violated the Sixth Amendment and the Universal Declaration of Human Rights Treaty adopted by the United Nations General Assembly in 1948.  The Sixth Amendment only applies to criminal prosecutions. It requires that the accused shall "be informed of the nature and cause of the accusation" and "to be confronted with the witnesses against him" among other rights.  SLCPD's termination of Gunther's employment was not a criminal prosecution.  As a result, the Sixth Amendment does not provide Gunther a ground for relief.

Nor does the Universal Declaration of Human Rights Treaty provide Gunther a ground for relief.  The Declaration is simply a statement of principles and does not "impose obligations as a matter of international law."  Sosa v. Alvarez-Machain, 542 U.S. 692 (2004).  It is a "non-binding declaration" that does not provide any private right of action.  United States v. Chatman, 351 F. App'x 740, 741 (3d Cir. 2009).

*Statute of limitations expired*

Assuming arguendo the Gunther's complaint can be construed as a 42 U.S.C. § 1983 action under the Fourteenth Amendment's due process clause, the claim fails on statute of limitation grounds.  In his complaint Gunther asserts that he had been accused of "sexual claims" by the young women he pulled over in 1968.  He alleges that he was not provided with a hearing with SLCPD where he could present evidence of his good character and honesty.

An employee's Fourteenth Amendment liberty interest is implicated where an employer makes allegations against an employee involving dishonesty and immorality among other negative attributes.  Rush v. Perryman, 579 F.3d 908, 912 (8th Cir. 2009).  "To establish an unconstitutional liberty interest deprivation, the plaintiff must establish that: (1) he was stigmatized by the statements; (2) those statements were made public by the administrators; and (3) he denied the stigmatizing statements." Id. at 912-913.  An employee's liberty interest deprivation may occur when he is not given an opportunity to clear his name.

A claim under section 1983 is governed by the state statute of limitations applicable to personal injury actions, so a claim in Missouri must be brought within five years.  See Walker v. Barrett, 650 F.3d 1198, 1205 (8th Cir. 2011) (section 1983 claims accruing within a particular state are subject to that state's statute of limitations governing personal-injury claims … that limitations period is

five years in Missouri).  Because Gunther's claims accrued in 1968 the statute of limitations on those claims expired over forty years ago.  As a result, his claims against SLCPD must be dismissed.

*Sovereign immunity inapplicable*

SLCPD also asserts that it is entitled to sovereign immunity from Gunther's claims.  In support of this proposition SLCPD cites to Missouri's doctrine of sovereign immunity as it relates to state law torts under section 537.600 RSMo. However, Gunther's claims are based on alleged violations of the United States Constitution and not on violations of state tort law.  Although Eleventh Amendment sovereign immunity bars suits against the States, with certain exceptions, the "immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State.  Alden v. Maine, 527 U.S. 706, 756 (1999).  As a result, SLCPD not entitled to sovereign immunity from Gunther's federal constitutional claims because it is not an arm of the State.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant St. Louis County Police Department's motion to dismiss [24] is **GRANTED**.

**IT IS FURTHER ORDERED that** the claims of Plaintiff Rex Gunther are

hereby **DISMISSED with prejudice**.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of December, 2021.